UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHELE SHAKED, on her own behalf
and on behalf of all others similarly situated,

                              Plaintiff,

   -against-

L&M ACCOUNT SERVICES, INC.

                             Defendant.
-----------------------------------------------------------X

**ECF CASE**

**Judge McMahon**

**05 CIV. 4893**

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant, its employees, agents, and successors, and in support thereof alleges the following:

PRELIMINARY STATEMENT

1.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Michele Shaked (hereinafter "Shaked") is a resident of the State of New York, Westchester County. On or about May 13, 2005, plaintiff received and came into contact with a form debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5. Defendant L&M Account Services, Inc. (hereinafter "L&M") is a Domestic Business Corporation with a principal executive office located at 22 Saw Mill River Road, Floor 3, Hawthorne, New York 10532. Defendant attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of L&M.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5).

b. Whether plaintiff and the Class have been injured by the defendant's conduct;

c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members

who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about May 13, 2005, defendant mailed a collection letter addressed to Michele Shaked. Upon receipt of defendant's letter, plaintiff opened and read it. The letter demanded payment of a debt allegedly owe by plaintiff originally to Scarsdale Medical Group. A copy of said letter is annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The letter violated numerous provisions of the FDCPA by failing to notify the consumer that the consumer is entitled to receive verification of the debt. Specifically, the debt collector must notify the consumer that a written dispute is necessary in order to preserve the right to receive verification of the debt and limit the debt collector's contact with the consumer until verification documents are mailed to the consumer. 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(b).

18. Defendant failed to provide the consumer with the required statement informing the consumer that the consumer may request the debt collector to provide to the consumer the name and address of the original creditor, if different from the current creditor in violation of 15 U.S.C. § 1692g(a)(5).

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, *inter alia*, engaging in conduct and practices that are in violation of the FDCPA;

c) Issue a declaratory Order requiring defendant to make corrective disclosures;

d) Awarding plaintiff statutory damages;

e) Awarding class members the maximum statutory damages.

f) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

g) Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: May 19, 2005
       Uniondale, New York

                                              Abraham Kleinman (AK-6300)
                                              Lawrence Katz     (LK-0062)
                                              Katz & Kleinman PLLC
                                              626 EAB Plaza
                                              Uniondale, New York 11556-0626
                                              Telephone (516) 522-2621
                                              Facsimile  (516) 522-2890

**EXHIBIT A**

**L & M ACCOUNT SERVICES, INC.**
22 Saw Mill River Rd 3rd Floor
Hawthorne NY 10532-1533

ADDRESS SERVICE REQUESTED

**L & M ACCOUNT SERVICES, INC.**

**(914) 345-5050**

May 13, 2005

00A   96415   9289

Michele Shaked
63 Carthage Rd
Scarsdale NY 10583-7009

**L & M ACCOUNT SERVICES, INC.**
22 Saw Mill River Rd 3rd Floor
Hawthorne NY 10532-1533

Amount Due: $25.00

Past Due Balance

***Detach Upper Portion and Return with Payment***

| Creditor: | Account #: | Amount Due: | Admin Date: |
|---|---|---|---|
| Scarsdale Medical Group | 77153 | 25.00 | 02/22/05 |
| | | Total $25.00 | |

Dear Michele Shaked,

Please be advised this office represents the above medical facility in any matter concerning the above patient and balance due as indicated.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. Kindly remit payment in full to this office in order that we may credit your account accordingly. Our goal is to work with you in resolving this claim.

Pay by phone is available for your convenience.

Sincerely,

*Thomas Chase*
Thomas Chase
Account Manager

Please note this is communication from a debt collector and any information obtained will be used to collect this debt.

1SDLMAS0100A

L & M Account Services, Inc. ♦ 22 Saw Mill River Rd 3rd Floor ♦ Hawthorne NY 10532-1533 ♦ (914) 345-5050 ♦ Fax: (914) 345-5603